IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CAMERON BRASWELL, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 2:21-cv-02422-SHM-tmp |
| ) | |
| FCI MEMPHIS WARDEN BOWERS, ) | |
|     Respondent. ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET, DISMISSING PETITION UNDER 28 U.S.C § 2241 FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody ("§ 2241 Petition") filed by Petitioner Cameron Braswell.[1] (ECF No. 1.) The Court directed Respondent Warden Bowers to respond to the § 2241 Petition. (ECF No. 6.) Respondent filed a response in opposition on May 18, 2022. (ECF No. 9.) Petitioner

---

[1] When Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). (ECF No. 1 at PageID 2.) Petitioner has since been transferred to FCI Bennettsville in Bennettsville, South Carolina. *See* Federal Bureau of Prisons, Find an inmate (Register No. 23702-076) (last accessed Aug. 1, 2024). "A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending." *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002). The Clerk is **DIRECTED** to change Petitioner's address on the docket and to send a copy of this order to:

Cameron Braswell
23702-076
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

has not filed a reply, and the time to do so has expired.  For the reasons that follow, the Court **DISMISSES** the petition for lack of subject matter jurisdiction.

**I.      BACKGROUND**

A jury convicted petitioner of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and of possession with intent to distribute marijuana, ecstasy, and cocaine, in violation of 21 U.S.C. § 841(a)(1).  *United States v. Braswell*, No. 2:10-cr-20220-SHM, ECF No. 65 at PageID 122 (W.D. Tenn.).  On September 2, 2011, the Court sentenced Petitioner to a total term of imprisonment of 228 months, followed by 6 years of supervised release.  (*Id*. at PageID 123-24.)  Petitioner filed a direct appeal, and the Sixth Circuit affirmed the Court's judgment.  *United States v. Braswell*, 516 F. App'x 572, 576 (6th Cir. 2013).

On April 21, 2014, Petitioner filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  *Braswell v. United States*, No. 2:14-cv-2285-SHM-tmp, ECF No. 1 (W.D. Tenn.)  Petitioner alleged claims of ineffective assistance of counsel and prosecutorial misconduct.  (*Id*. at PageID 22-37.)  Petitioner later moved to supplement his § 2255 motion to add a claim under *Johnson v. United States*, 576 U.S. 591 (2015).  (ECF No. 16.)  The Court granted the motion to supplement and denied Petitioner's § 2255 claims on the merits.  (ECF No. 18.)  The Sixth Circuit denied a certificate of appealability.  (ECF No. 23.)

Petitioner filed the instant § 2241 Petition on June 17, 2021.  *Braswell v. Bowers*, No. 2:21-cv-2422-SHM-tmp, ECF No. 1 (W.D. Tenn.)  Petitioner seeks relief under § 2241 on the ground that he is actually innocent of his conviction under 18 U.S.C. § 922(g) based on the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019).  (*Id*. at PageID 6-7.)

## II. LEGAL STANDARD

This Court is authorized to issue a writ of habeas corpus under § 2241 when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A district court has no jurisdiction over an application for habeas under [§] 2241 if the petitioner could seek relief under [§] 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). The "saving clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under . . . § 2255, and that claims seeking to challenge the execution or manner in which [his] sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under . . . § 2241." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (stating that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served").

## III. ANALYSIS

Petitioner seeks relief under § 2241 on the ground that he is actually innocent of his conviction under § 922(g) based on *Rehaif*. (ECF No. 1 at PageID 6-7.) Petitioner appears to be

3

invoking the "saving clause" of § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," such that § 2255(e)'s savings clause would apply. *Charles*, 180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. The Sixth Circuit noted in *Charles* that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." 180 F.3d at 756 (citations omitted). The Supreme Court opined in *Jones v. Hendrix*, 599 U.S. 465, 471 (2023), that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [§ 2255(h)'s] restrictions on second or successive § 2255 motions by filing a § 2241 petition."

The Supreme Court held in *Rehaif* that in § 922(g) prosecutions, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 588 U.S. at 227. Petitioner argues, relying on *Rehaif*, that he is actually innocent of his § 922(g)(1) conviction because he did not know that he belonged to a category of persons barred from possessing a firearm. (ECF No.1 at PageID 7.)

The Sixth Circuit has interpreted § 2255(e)'s saving clause to allow claims of actual innocence based on Supreme Court decisions announcing new rules of statutory interpretation. *See, e.g., Peterman*, 249 F.3d at 461-62; *Taylor*, 990 F.3d at 499. The rule announced in *Rehaif* is a matter of statutory interpretation. *See* 588 U.S. at 227. In *Jones*, the Supreme Court rejected the argument that § 2255(e)'s saving clause allowed a prisoner to seek relief under § 2241 based on

*Rehaif.* 599 U.S. at 470-71. The Supreme Court's decision in *Jones* forecloses any argument that Petitioner could proceed under § 2241 with his *Rehaif*-based actual innocence claim.

Petitioner does not have a remedy under § 2241 to pursue his claim of actual innocence based on a change in statutory interpretation under *Rehaif*. *See Birtha v. Gilley*, No. 22-6030, 2023 WL 6052516, at *2 (6th Cir. Sept. 12, 2023) (recognizing that prisoner's assertion of actual innocence in § 2241 petition based on intervening case of statutory interpretation was foreclosed by *Jones*). The Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

### IV.     APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because the Court lacks subject matter jurisdiction over the petition, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a)

that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.

IT IS SO ORDERED this 5th day of August, 2024.

                                           */s/ Samuel H. Mays, Jr.*
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE